## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

```
MICHAEL LEE STROPE,            )
                               )
                  Plaintiff,   )     CIVIL ACTION
                               )
v.                             )     No.  05-3059-MLB
                               )
ELLEN PETTIS, et al.,          )
                               )
                  Defendant.   )
                               )
```

### MEMORANDUM AND ORDER

This case comes before the court on defendants' motion to dismiss. (Doc. 22). The motion has been fully briefed and is ripe for decision. (Docs. 22, 23). Defendant's motion is denied in part and granted in part for the reasons herein.

### I.   FACTS

Plaintiff is a prisoner and currently incarcerated at the Lansing Correctional Facility (LCF). Defendant Ellen Pettis is a Kansas Correctional Industries (KCI) supervisor in the wood furniture department at LCF. Defendant Duane Meyers is a KCI manager at the wood furniture department. Defendant Ron Suttles is a Corrections Counselor I at LCF. Defendant Tabor Medill is a Corrections Counselor II at LCF. On July 28, 2003, plaintiff filed a grievance with his unit team against defendants. Plaintiff alleged that defendants terminated his employment in the wood furniture department because of the numerous grievances plaintiff had filed. Plaintiff's grievance stated that defendants' actions were retaliatory and a conspiracy. (Doc. 1, exh. 2b).

On August 22, 2003, David McKune, the warden of LCF, found that

defendants' decision to terminate plaintiff's employment was based on an ongoing assessment and analysis of plaintiff's and the facility's needs.  The warden also noted that plaintiff found another position in the laundry.  On August 27, 2003, plaintiff appealed his grievance to the Secretary of Corrections.  The appeal form required that the original grievance and denial letter be attached to the appeal.  The form asked plaintiff to inform the Secretary what the warden should have done and what action the Secretary should take.  Plaintiff stated the following:

> [First], the grievance on the supervisor has not been answered, staff can't use abusive language and threats to inmates, no corrective action was taken on that! [Second], this was an adverse action for me filing the complaints, it violated my [First] and [Fourteenth] Amendment rights and is clear retaliation. [Third], I did not request to go back to the laundry, I was fired from KCI for filing the grievance.  Then I obtained the job.  Reverse the retaliatory act and provide make up pay or get sued!

(Doc. 1, exh. 2g).

Plaintiff's complaint has alleged counts against defendants for retaliation and conspiracy to retaliate.  Defendants move to dismiss plaintiff's complaint for failure to exhaust or, in the alternative, for failure to state a claim.

## II.  Motion to Dismiss Standards: FRCP 12(b)(6)

The standards this court must utilize upon a motion to dismiss are well known.  This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive.  See Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp.2d 1124, 1129 (D. Kan. 2000).  All well-pleaded facts and the reasonable

inferences derived from those facts are viewed in the light most favorable to plaintiff. See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp.2d 1104, 1106 (D. Kan. 1998). Conclusory allegations, however, have no bearing upon this court's consideration. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Overton v. United States, 74 F. Supp. 2d 1034, 1041 (D. N.M. 1999) (citing Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. See Robinson, 117 F. Supp.2d at 1129.

### III. ANALYSIS

#### A. Exhaustion

Defendants assert that plaintiff failed to completely exhaust his conspiracy claim since he failed to appeal that claim to the Secretary of Corrections. The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e.... [A] prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." Steele v. Fed. Bureau

of Prisons, 355 F.3d 1204, 1211 (10th Cir. 2003).

Defendants admit that plaintiff has exhausted his claim for retaliation. However, defendants assert that plaintiff's omission of the word conspiracy on his appeal form amounts to a failure to exhaust. The court disagrees. The appeal process at LCF requires the grievance to be attached to the appeal. Accordingly, the Secretary was notified of plaintiff's entire grievance.

Even if the court had determined that plaintiff must specifically state the grievance that plaintiff was appealing on the form, the court would still conclude that plaintiff had exhausted his remedies. Plaintiff's conspiracy claim essentially consists of the same facts as his retaliation claim. Technically, the only difference between the two is that a conspiracy requires an agreement. In a similar case, the Middle District of Pennsylvania determined that there is no reason for a claim of conspiracy to be independently stated and administratively exhausted if the underlying claim for the conspiracy had been exhausted. Underwood v. Mendez, 2005 WL 2300361, *3 (M.D. Pa. 2005). The court agrees with the reasoning in Underwood and defendants have failed to provide the court with authority to support their position.

Defendants' motion to dismiss plaintiff's complaint for failure to exhaust administrative remedies is denied.

### B.   Failure to State a Claim

#### 1.   Retaliation

Defendants move for dismissal under Rule 12(b)(6) on the basis that plaintiff will be "unable to demonstrate that any of the named defendants were responsible for and/or had the control over the

-4-


decision to move him from the wood furniture department to the laundry." (Doc. 22-2 at 5). Defendant asserts that Duane Muckenthaler, a Unit Team Manager at LCF, was the individual who moved plaintiff to the laundry. (Doc. 1, exh. 2e).

"[I]t is well established that an act in retaliation for the exercise of a constitutionally protected right is actionable under ... Section 1983 even if the act, when taken for a different reason, would have been proper." Smith v. Maschner, 899 F.2d 940, 948 (10th Cir. 1990). Plaintiff has sufficiently alleged that his termination from the wood furniture department was a result of retaliation for filing numerous complaints. Plaintiff has alleged that each defendant told him that he was being terminated for filing grievances. Muckenthaler's letter notes that he was the decision-maker. However, plaintiff has alleged that the four defendants were involved in the decision-making. Given the court's requirement to construe plaintiff's complaint liberally and to accept the allegations as true, the court finds that plaintiff has sufficiently pled that his termination was a retaliatory act for filing grievances in violation of plaintiff's First Amendment rights. Whether the retaliation claim can survive a properly supported motion for summary judgment is another matter.

### 2.  Conspiracy

Defendant asserts that plaintiff has failed to sufficiently allege a conspiracy. Plaintiff has alleged his claim for conspiracy to retaliate is actionable under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3). Plaintiff's allegations of conspiracy pursuant to 42 U.S.C. § 1985(3) fail to state a claim because that provision applies only

to conspiracies motivated by some class-based invidiously discriminatory bias. Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993). Plaintiff has failed to allege that the retaliation was motivated by class-based bias. Accordingly, plaintiff's conspiracy claim pursuant to 42 U.S.C. § 1985(3) is dismissed. A claim pursuant to 42 U.S.C. § 1983, however, does not require an allegation of class-based discrimination.

In order to survive a motion to dismiss for his conspiracy claim under section 1983, plaintiff cannot survive on mere conclusory allegations with no supporting factual averments. Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983). Rather, the complaint must present facts tending to show agreement and concerted action. Id. Plaintiff alleges that defendants "pre-planned their conspiracy, pre-planned their threats, and together carried them out after plaintiff filed the July [25], 2003, complaint on his work environment" claim. (Doc. 1 at 12). Plaintiff's allegations consist of statements by defendants to confirm that the termination was completed in response to the grievances. In construing plaintiff's complaint in the light most favorable to plaintiff, the court finds that plaintiff has sufficiently alleged a claim for conspiracy under section 1983.

**IV. CONCLUSION**

Defendants' motion to dismiss plaintiff's claim for conspiracy pursuant to 42 U.S.C. § 1985(3) is granted. Defendants' motion to dismiss plaintiff's claims for retaliation and conspiracy pursuant to 42 U.S.C. § 1983 is denied.

A motion for reconsideration of this order is not encouraged.

The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this <u>  15th  </u> day of November 2005, at Wichita, Kansas.

<u>s/ Monti Belot                </u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE