**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MICHAEL LEE STROPE, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No.  05-3059-MLB |
| | ) | |
| ELLEN PETTIS, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on cross motions for summary judgment.  (Docs.  27, 29).  Plaintiff has also filed a motion to grant his motion for summary judgment as an uncontested motion. (Doc. 33).  The motions have been fully briefed and are ripe for decision. (Docs. 28, 30, 31, 32, 34).  For the reasons herein, plaintiff's motions (Docs. 27, 33) are denied and defendants' motion (Doc. 29) is granted in part and denied in part.

**I.   Summary Judgment Standard: Fed. R. Civ. P. 56 - Cross Motions**

The usual and primary purpose of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." An issue is "genuine" if sufficient evidence exists on each side "so that a rational trier of fact could resolve the issue either way" and "[a]n issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the

claim." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998) (citations omitted); see also Adams v. Am. Guarantee & Liab. Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000) (citing Adler). The mere existence of some factual dispute will not defeat an otherwise properly supported motion for summary judgment because the factual dispute must be material. See Renfro v. City of Emporia, 948 F.2d 1529, 1533 (10th Cir. 1991).

### A.   Moving Party's Burden

The moving party must initially show both an absence of a genuine issue of material fact, as well as entitlement to judgment as a matter of law. Adler, 144 F.3d at 670. The nature of the showing depends upon whether the movant bears the burden of proof at trial with respect to the particular claim or defense at issue in the motion. If the nonmoving party bears the burden of proof, the movant need not "support its motion with affidavits or other similar materials negating the opponent's" claims or defenses. Celotex, 477 U.S. at 323 (emphasis in original). Rather, the movant can satisfy its obligation simply by pointing out the absence of evidence on an essential element of the nonmovant's claim. Adler, 144 F.3d at 671 (citing Celotex, 477 U.S. at 325).

On the other hand, if the movant has the burden of proof on a claim or defense raised in a summary judgment motion, it must show that the undisputed facts establish every element of the claim entitling it to judgment as a matter of law. See e.g., United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc); United Mo. Bank of Kansas City v. Gagel, 815 F. Supp. 387, 391 (D. Kan. 1993); see also Celotex Corp., 477 U.S. at 331 (Brennan,

J., dissenting) ("If the <u>moving</u> party will bear the burden of persuasion at trial, that party must support its motion with credible evidence – using any of the materials specified in Rule 56(c) that would entitle it to a directed verdict if not controverted at trial."). Moreover, the moving party must show the absence of genuine issues of fact regarding each of the affirmative defenses specifically reserved by the non-moving party. <u>Gagel</u>, 815 F. Supp. at 391. "The party moving for summary judgment must establish its entitlement beyond a reasonable doubt." <u>Id.</u>

### B. Non-Moving Party's Burden

If the moving party properly supports its motion, the burden shifts to the nonmoving party, "who may not rest upon the mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." <u>Muck v. United States</u>, 3 F.3d 1378, 1380 (10th Cir. 1993). In setting forward these specific facts, the nonmovant must identify the facts "by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." <u>Adler</u>, 144 F.3d at 671. If the evidence offered in opposition to summary judgment is merely colorable or is not significantly probative, summary judgment may be granted. <u>Cone v. Longmont United Hosp. Ass'n</u>, 14 F.3d 526, 533 (10th Cir. 1994). A party opposing summary judgment "cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." <u>Conaway v. Smith</u>, 853 F.2d 789, 793 (10th Cir. 1988), <u>aff'd</u> 939 F.2d 910 (10th Cir. 1991). Put simply, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts."

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

### C. Presentation of Evidence

Certain local rules further govern the presentation of facts and evidence. Local Rule 56.1 requires the movant to set forth a concise statement of material facts. D. Kan. Rule 56.1. Each fact must appear in a separately numbered paragraph and each paragraph must refer with particularity to the portion of the record upon which the defendant relies. See id. The opposing memorandum must contain a similar statement of facts. Plaintiff must number each fact in dispute, refer with particularity to those portions of the record upon which he relies and, if applicable, state the number of the defendants' fact that he disputes. The court may, but is not obligated to, search for and consider evidence in the record that would rebut one party's evidence, but that the opposing party has failed to cite. See Mitchell v. City of Moore, 218 F.3d 1190, 1199 (10th Cir. 2000); Adler, 144 F.3d at 672. All material facts set forth in the statements of fact are deemed to be admitted for the purpose of summary judgment unless specifically controverted. See Gullickson v. Sw. Airlines Pilots' Ass'n, 87 F.3d 1176, 1183 (10th Cir. 1996) (applying local rules of District of Utah). A standing order of this court also precludes drawing inferences or making arguments within the statement of facts.

The parties need not present evidence in a form that would be admissible at trial, but the content or substance of the evidence must be admissible. See Thomas v. Int'l Bus. Mach's., 48 F.3d 478, 485 (10th Cir. 1995) (internal quotations and citations omitted). For

example, hearsay testimony that would be inadmissible at trial may not be included. See Adams, 233 F.3d at 1246. Similarly, the court will disregard conclusory statements and statements not based on personal knowledge. See Cole v. Ruidoso Mun. Schs., 43 F.3d 1373, 1382 (10th Cir. 1994) (regarding conclusory statements); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995) (requiring personal knowledge). Finally, the court may disregard facts supported only by references to documents unless the parties have stipulated to the admissibility of the documents or the documents have been authenticated by and attached to an affidavit meeting the requirements of Rule 56(e). See Fed. R. Civ. P. 56(e); D. Kan. Rule 56.1; 10A Charles Alan Wright, et al., Fed. Practice and Procedure § 2722 (2d ed. 1983) (footnotes omitted).

Given that plaintiff is proceeding pro se, the court will also credit as evidence statements made by him in his pleadings and briefs, so long as the statements were based on personal knowledge and made under penalty of perjury. Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991). However, as noted above, the court is under no obligation to comb the record in search of such sworn statements. Rather, under the applicable procedural rules, it is the duty of the parties contesting a motion for summary judgment to direct the court to those places in the record where evidence exists to support their positions. Plaintiff's pro se status does not absolve him from compliance with the rules of procedure, including the local rules and this court's standing order. See Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994).

**D.   Summary**

In the end, when confronted with a fully briefed motion for summary judgment, the court must determine "whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  If sufficient evidence exists on which a trier of fact could reasonably find for the plaintiff, summary judgment is inappropriate.[1]  See Prenalta Corp. v. Colo. Interstate Gas Co., 944 F.2d 677, 684 (10th Cir. 1991).

## II.  **FACTS**[2]

Plaintiff is a prisoner and currently incarcerated at the Lansing Correctional Facility (LCF).  Defendant Ellen Pettis is a Kansas

---

[1] Even though the parties have filed cross-motions for summary judgment, the legal standard does not change.  See O'Connor v. Check Rite, Ltd., 973 F. Supp. 1010, 1014 (D. Colo. 1997); United Wats, Inc. v. Cincinnati Ins. Co., 971 F. Supp. 1375, 1382 (D. Kan. 1997).  It remains this court's sole objective to discern whether there are any disputes of material facts.  See Harrison W. Corp. v. Gulf Oil Co., 662 F.2d 690, 692 (10th Cir. 1981). The court is, however, justified in assuming that no evidence needs to be considered apart from what has been filed.  See James Barlow Family Ltd. Partnership v. Munson, Inc., 132 F.3d 1316, 1319 (10th Cir. 1997).  Additionally, the Tenth Circuit has made it clear that each motion is to be treated separately – the denial of one does not require the granting of the other.  See Atl. Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1148 (10th Cir. 2000) (quoting Buell Cabinet Co. v. Sudduth, 608 F.2d 431, 433 (10th Cir. 1979)); Abbot v. Chem. Trust, No. 01-2049-JWL, 2001 WL 492388, at *4 n.11 (D. Kan. Apr. 26, 2001).  Rather, this court must hold each party to their respective burden depending upon their status as a moving or nonmoving party and whether they would have the burden of proof on a particular issue at trial .  See Stewart v. Nationalease of Kansas City, Inc., 920 F. Supp. 1188, 1202 (D. Kan. 1996).

[2] Defendants failed to controvert any of plaintiff's uncontroverted facts.  Therefore, all facts set out in plaintiff's motion for summary judgment that are properly supported or based on plaintiff's personal knowledge are deemed admitted by defendant for summary judgment purposes.  Mitchael v. Intracorp, Inc., 179 F.3d 847, 856 (10th Cir. 1999).

Correctional Industries (KCI) supervisor in the wood furniture department at LCF. Defendant Duane Meyers is a KCI manager at the wood furniture department. Defendant Ron Suttles is a Corrections Counselor I at LCF. Defendant Tabor Medill is a Corrections Counselor II at LCF. On July 28, 2003, plaintiff filed a grievance with his unit team against defendants.

Plaintiff has asserted that defendants terminated his position at KCI in retaliation for filing complaints and that defendants conspired to terminate his position. The grievance filed on July 28 alleged that Myers was hostile toward plaintiff. Plaintiff informed Myers on July 25 that he was going to file a grievance. Myers approached Pettis with plaintiff and stated that Myers wanted Pettis to get "him out of here." Myers later told plaintiff that if he filed a complaint against him that Myers would make sure that plaintiff would not get an hourly paying job. (Doc. 27 at 3).

After receiving the grievance on July 28, Medill called plaintiff into his office to speak with him about the grievance. Medill and Suttles then informed plaintiff that "they were tired of the complaints, i [sic] needed to find another place to live, and [i] sic did not have to worry about the hostile work area, because today (7-28-03) was my last day." Upon returning to work, Pettis stated "[d]id you talk to your Unit Team . . . I think it's best that you be un-assigned, i [sic] can't deal with grievances." Plaintiff responded that he was filing a lawsuit and Pettis responded "well, i [sic] definitely don't want you here then, finish out your day and don't come back." (Doc. 27 at 4-5).

Defendants filed a motion for summary judgment on the basis that

-7-

plaintiff has failed to establish evidence of an agreement to support his conspiracy claim and that his retaliation claim must also fail since plaintiff cannot establish that he was moved from KCI but for his filing grievances. Plaintiff has also filed a motion for summary judgment.

## III. ANALYSIS

### A.   Retaliation

If defendants retaliated against plaintiff for filing grievances, they can be liable for a violation of his constitutional rights. Fogle v. Pierson, ---F.3d---, 2006 WL 205367, *7 (10th Cir. Jan. 27, 2006). Plaintiff, however, must establish that "but for" the retaliatory motive, his job loss and move would not have occurred. Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998). Based on the facts submitted in this case, the court finds that a dispute exists as to whether defendants retaliated against plaintiff.

First, plaintiff filed his grievance on the same day that he was discharged from employment. Smith v. Maschner, 899 F.2d 940, 948-49 (10 Cir. 1990)(alleged retaliatory act that is in close temporal proximity to the protected activity can support an inference of retaliation). Moreover, plaintiff has submitted statements made in his presence by each defendant that support a finding that the actions taken were in retaliation for plaintiff's grievances. Defendants, on the other hand, recognize that they were "frustrated" with plaintiff's numerous grievances, but only removed him because he was so unhappy in his position. (Doc. 30 at 10). The court finds that a reasonable jury could conclude that defendants retaliated against plaintiff for filing grievances, or, as defendants suggest, that defendants were

frustrated with their inability to keep plaintiff happy.  Either way, it's a jury issue.

Defendants' motion for summary judgment on plaintiff's retaliation claim and plaintiff's motion for summary judgment are denied.

### B.    Conspiracy

To state a conspiracy claim under § 1983, a plaintiff must allege specific facts showing an agreement and concerted action amongst defendants.  See, e.g., Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998); Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994); Gallegos v. City and County of Denver, 984 F.2d 358, 364 (10th Cir. 1993).  Defendants have asserted that plaintiff has failed to produce any evidence that defendants agreed to conspire.  Plaintiff asserts that Medill and Pettis conspired together and cites to their affidavits as evidence.  (Doc. 27 at 6).  Their affidavits, however, only establish that defendants communicated about plaintiff's grievance.  See Martinez Report at exhs. B, D.  It is not reasonable to infer that defendants were conspiring with each other simply because defendants discussed the grievance.  See Tonkovich, 159 F.3d at 533.

Accordingly, plaintiff has failed to establish that defendants acted in agreement and concert.  Defendants' motion for summary judgment on plaintiff's conspiracy claim is granted.  Plaintiff's motion for summary judgment on his conspiracy claim is denied.

### **IV. CONCLUSION**

Plaintiff's motion for summary judgment (Doc. 27) is denied. Plaintiff's motion to grant his motion for summary judgment as an

-9-

uncontested motion (Doc. 33) is also denied. Defendants' motion for summary judgment is granted as to plaintiff's conspiracy claim but denied as to plaintiff's retaliation claim. The case will assigned to a magistrate judge for preparation of a pretrial order and other necessary pretrial proceedings.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this   27th   day of February 2006, at Wichita, Kansas.

s/ Monti Belot

Monti L. Belot
UNITED STATES DISTRICT JUDGE

-10-